IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTIAN MCLENDON, #B89940, )
)
       **Plaintiff,** )
)
vs. ) Case No. 18−cv–1114−SMY
)
SONDRA MILLNER, )
)
       **Defendant.** )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Christian McLendon, an inmate at Centralia Correctional Center ("Centralia"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Specifically, Plaintiff claims that Defendant Millner refused to make copies for him and issued him a disciplinary ticket in retaliation for filing a grievance against her, in violation of his First and Fourteenth Amendment rights. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## **The Complaint**

Plaintiff makes the following allegations in his Complaint (Doc. 1): on August 31, 2017, Plaintiff requested to have several legal documents notarized and copied at the law library. (Doc. 1, p. 3). The librarian, Defendant Millner, refused to make copies of Plaintiff's documents. *Id.* Plaintiff asked her why, but she merely reiterated her refusal and told him to sit down. *Id.* She also "fetched' C/O Campbell, an officer posted at the law library, which Plaintiff felt was an attempt to intimidate him into not asking her for anything. *Id.* Plaintiff asked Millner for copies and a notary several more times. *Id.* He also showed her a letter from his attorney about his appeal and explained that the copies were so that he could discuss his appeal with him. *Id.* Millner told Plaintiff that if that were true, his attorney would make copies for him. *Id.*

Plaintiff filed a grievance about the incident on September 1, 2017. *Id.* Before he received a response, he once again went to the law library and requested copies and a notary from Millner. (Doc. 1, p. 4). Millner provided him with what he requested. *Id.* On September 21, 2017, after Millner learned of Plaintiff's grievance, she wrote Plaintiff a disciplinary report

2

"for 206 Intimidation or threats" based on a statement Plaintiff included in his grievance. *Id.* The statement read: "I believe I asserted my right to the best of my ability, other than displaying obstructive/disruptive behavior, and causing physical force/harm." (Doc. 1, p. 3).

Plaintiff wrote a grievance regarding the disciplinary ticket on September 22, 2017 (Doc. 1, p. 4). Six days later, Plaintiff discovered the ticket's charges were reduced "to 304 Insolence (DR. 504) and that he was found guilty and given 2 months C grade (where he would not be allowed to transfer, use phones, shop at commissary, attend certain yard calls, or go to the gym)." *Id.* Plaintiff's initial grievance was heard by Susan Walker, a grievance officer, on October 2, 2017. *Id.* She denied the grievance, concurring with Millner without any investigation. *Id.* On November 14, 2017, Dave White issued a decision for the Administrative Review Board denying Plaintiff's grievance. *Id.*

Plaintiff requests monetary damages and declaratory relief. (Doc. 1, p. 6). He also requests permanent injunctive relief, requiring that he "receive copies of legal documents and notary when requested." *Id.*

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into 3 Counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

- **Count 1 –** Defendant Millner violated Plaintiff's First Amendment right to access the courts by refusing to provide him with copies and notary services on August 31, 2017.

- **Count 2 –** Defendant Millner retaliated against Plaintiff for writing a grievance by issuing him a disciplinary ticket on September 21, 2017, in violation of the First Amendment.

**Count 3 –** Defendant Millner violated Plaintiff's right to due process by issuing him a false disciplinary ticket on September 21, 2017, in violation of the Fourteenth Amendment.

As discussed in more detail below, Count 2 will proceed past threshold, and Counts 1 and 3 will be dismissed without prejudice. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. Further, to the extent Plaintiff sought to bring claims against individuals or entities not included in the case caption, these individuals/entities will not be treated as defendants in this case, and any claims against them should be considered dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption"). Individuals mentioned in the Complaint but not included in the case caption include: C/O Campbell, Susan Walker, and Dave White.

## Count 1 – Access to the Courts

The Seventh Circuit uses a two-part test when determining whether the conduct of a prison official violates an inmate's right of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). First, the inmate must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Second, the inmate must show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn*, 364 F. 3d at 868. A plaintiff must explain "the connection between the alleged denial of access . . . and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*,

561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010). This requires a plaintiff to identify the underlying claim that was lost. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007).

Here, Plaintiff has failed to identify any legal detriment he suffered from Millner's refusal to make copies for him and provide notary services on August 31, 2017. For this reason, Count 1 will be dismissed without prejudice for failure to state a claim on which relief may be granted.

## Count 2 – Retaliation

To establish a claim of retaliation, Plaintiff "must show that he engaged in a protected activity, he suffered a deprivation likely to prevent future protected activities, and there was a causal connection between the two." *Felton v. Huibregtse*, 525 F. App'x 484, 486 (7th Cir. 2013) (citing *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Plaintiff claims that Millner retaliated against him by issuing a disciplinary ticket for writing a grievance against her. These allegations are sufficient to state a colorable retaliation claim, so Count 2 will proceed against Millner.

## Count 3 – Due Process

In *Hanrahan v. Lane*, 747 F.2d 1137, 1140–41 (7th Cir. 1984), the Seventh Circuit held that the filing of false disciplinary charges by a correctional officer does not state a Fourteenth Amendment claim when the accused inmate is given a hearing on the charges and is afforded the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974). The Seventh Circuit reasoned that inmates have a right "to be free from arbitrary actions of prison officials," *Hanrahan*, 747 F.2d at 1140, but determined that the procedural protections outlined

in *Wolff* provided the appropriate protection against arbitrary actions taken by a correctional officer such as issuing the inmate a fabricated conduct violation.

Here, Plaintiff claims that his rights were violated when Millner wrote him a disciplinary ticket for intimidation. He believes the ticket was in response to the grievance submitted, and maintains he did not threaten or intimidate anyone. (Doc. 1, pp. 11-12). That said, Plaintiff does not allege that he was deprived of the procedural protections outlined in *Wolff*. In fact, he does not provide any information about the disciplinary hearing other than that he was found guilty of a downgraded infraction. Count 3 will therefore be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 2** shall **PROCEED** against **MILLNER**.

**IT IS FURTHER ORDERED** that **COUNTS 1** and **3** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNT 2**, the Clerk of Court shall prepare for **MILLNER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to this defendant's place of employment as identified by Plaintiff. If Millner fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on her, and the Court will require that she pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if

not known, the defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Millner is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings.  Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Reona J. Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 31, 2018**

**s/ Staci M. Yandle**
**U.S. District Judge**
