# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTIAN MCLENDON,   )
         )
     **Plaintiff,**   )
         )
**vs.**          )   **Case No. 18-CV-01114−SMY**
         )
**SONDRA MILLNER,**    )
         )
     **Defendant.**  )

## ORDER DISMISSING CASE

**YANDLE, District Judge:**

Plaintiff Christian McLendon filed this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 1). At the time the Complaint was filed, Plaintiff was incarcerated in Centralia Correctional Center. (*Id.*).

Defendant filed a Motion to Dismiss on January 29, 2020, alleging that Plaintiff failed to appear for his scheduled deposition on January 27, 2020. (Doc. 38). Plaintiff has not filed a response to the Motion or requested additional time to respond.

Additionally, on November 20, 2019 and January 29, 2020, Plaintiff was mailed a Notice and Consent to Proceed before a Magistrate Judge and was required by Administrative Order 257 to file a consent or affirmative declination to consent (Docs. 28, 37); he failed to do so. As a result, on February 19, 2020, Plaintiff was again ordered to file a consent or affirmative declination to consent within 7 days or face possible sanctions (Doc. 39); he again failed to comply.

On March 10, 2020, the Court issued an Order for Plaintiff to show cause on or before March 25, 2020 why this case should not be dismissed for failure to comply with a court order and to prosecute his claims. (Doc. 42). The Order advised Plaintiff that his failure to respond would result in dismissal of the case pursuant to Federal Rule of Civil Procedure 41(b) without further

notice.  (*Id.*).  Plaintiff did not respond to the Order and the Court will not allow this matter to linger indefinitely.

Accordingly, this action is **DISMISSED** without prejudice for failure comply with a court order and for failure to prosecute.  FED. R. CIV. P. 41(b). The dismissal does not count as a strike within the meaning of 28 U.S.C. § 1915(g).  Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be without merit, Plaintiff may incur a "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED:  April 7, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**